UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SLAVENS, | No. 2: 20-cv-2448 KJN P |
| Petitioner, | |
| v. | ORDER |
| TERRY POWELL, et al., | |
| Respondents. | |

Petitioner, a prisoner at the Shasta County Jail, has filed a letter with the court alleging that his rights were violated during his criminal prosecution. Petitioner requests that the court "look into" the alleged violations of his rights.

Petitioner is informed that the court is not authorized to conduct the requested investigation. If petitioner wishes to challenge the validity of his conviction, he may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. If petitioner files a habeas corpus petition, he must either pay the required filing fee or file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915(a).

Petitioner is granted thirty days from the date of this order to file a petition for writ of habeas corpus and application to proceed in forma pauperis. If petitioner does not submit these documents within thirty days, the undersigned will recommend dismissal of this action.

////

Petitioner is informed that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's request for the court to conduct an investigation, contained in the letter filed December 10, 2020 (ECF No. 1), is denied;

2. Within thirty days,[2] petitioner shall file a petition that complies with the requirements of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the petition must bear the docket number assigned this case; petitioner must file an original and two copies of the petition. Petitioner shall also submit, within thirty days from the date of this order, the application to proceed in forma pauperis on the form provided by the Clerk of Court, or the filing fee in the amount of $5.00. Petitioner's failure to comply with this order will result in a recommendation that this matter be dismissed; and

3. The Clerk of the Court is directed to send petitioner the court's form for filing a petition for writ of habeas corpus, and the application to proceed in forma pauperis by a prisoner.

Dated:  December 17, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Sla2448.no

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[2] By setting this deadline, the court makes no finding or representation that the petition is not subject to dismissal as untimely. See Sossa v. Diaz, 729 F.3d 1225, 1231-35 (9th Cir. 2015). Petitioner is advised that a one year statute of limitations is applicable to all claims presented in a federal habeas corpus petition. See 28 U.S.C. § 2244(d)(1); see also Mardesich v. Cate, 668 F.3d 1164 (9th Cir. 2012) (holding that the one year statute of limitations applied to each claim in a habeas petition on an individual basis).